UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MUWAFAK RIZEK
290 Oliver Street
N. Tonawanda, New York 14120

                Plaintiff,          COMPLAINT
                                      and
  v.                                      JURY DEMAND

CITY OF NORTH TONAWANDA
216 Payne Avenue
N. Tonawanda, New York 14120
    and
ROBERT KALOTA
5882 Shawnee
Sanborn, New York 14132
    and
FRANCIS J. CONWAY INVESTIGATION, INC.
    k/n/a JAMES O'NEIL INVESTIGATIONS, INC.
PO Box 212
Clarence, New York 14301
    and
VINCE PUPO
3678 Sixth Street
Blasdell, New York 14219
    and
FLEX INVESTIGATIONS LTD.
PO Box 710
E. Amherst, New York 14051

                Defendants.
_____

       Plaintiff MUWAFAK RIZEK ("plaintiff" or "Mr. Rizek"), by and through his attorney,

Kevin T. Stocker, Esq. PC, for his complaint against the Defendants CITY OF NORTH

TONAWANDA ("City"), ROBERT KALOTA ("Mr. Kalota"), FRANCIS J. CONWAY

INVESTIGATION, INC. ("Conway"), VINCE PUPO ("Mr. Pupo,"), FLEX INVESTIGATIONS LTD. ("Flex" or referred to collectively as "defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action brought to remedy violations of the rights secured to plaintiff under Title VI of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000d, *et seq*. ("Title VI").

2. A supplemental New York State Common Law claim is additionally brought to remedy violations of the rights secured to plaintiff.

3. This action seeks compensatory damages in redress for defendants' discriminatory and unlawful acts or omissions, and tortious interference with a contract.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because this action involves a federal question regarding the violation of Mr. Rizek's rights under Title VI, and it has supplemental jurisdiction under 28 U.S.C. § 1367 to adjudicate Mr. Rizek's state law claim for tortious interference with a contract under New York State Common Law.

5. Pursuant to 28 U.S.C. §§ 1391 (b)(1) and (2), venue is proper in the Western District of New York because Mr. Rizek, the City, Mr. Kalota, Conway and Mr. Pupa reside in this District and a substantial part of the events or omissions giving rise to the claims made in this complaint occurred in this District.

## PARTIES

6. Mr. Rizek is the owner of Mark's Food Market II located at 290 Oliver Street, North Tonawanda, New York 14120 at all relevant times.

7. The City of North Tonawanda is a municipal corporation existing under the laws of the State of New York within the County of Niagara.

8. Robert Kalota, a citizen of the State of New York, is being sued in his official capacity as a Detective for the Police Department of the City of North Tonawanda, and individually for acts committed in violation of laws and departmental policy that constitute punitive damages.

9. Francis J. Conway Investigation, Inc. is a corporation existing under the laws of the State of New York, and known now as James O'Neil Investigations, Inc.

10. Vince Pupo, a citizen of the State of New York, was an employee of Francis J. Conway Investigation, Inc. at all relevant times, and is being sued in his individual and professional capacities for violations of laws committed by actions outside the scope of his employment.

## FACTUAL ALLEGATIONS

11. Mr. Rizek is 27 years old, and a business owner by trade.

12. He owns Mark's Food Market II located at 290 Oliver Street, North Tonawanda, New York 14120.

13. On or about May 15, 2009, a fire occurred at Mark's Food Market II.

14. Based upon information and belief, Detective Robert Kalota has intentionally, negligently, or engaged in grossly negligent mishandling of the investigation into the fire that occurred at Mr. Rizek's business.

15. Despite findings by electrical experts, with greater than thirty (30) years of experience in the fire investigation and electrical field, North Tonawanda officials have intentionally or negligently reported false findings with respect to the aforementioned fire loss.

16. Based upon information and belief, North Tonawanda officials did not interview pertinent witnesses at all, failed to collect evidence, misinterpreted evidence, destroyed evidence, and/or contaminated the fire scene.

17. Based upon information and belief, if said acts were not negligence, then it is alleged that said acts were intentional misconduct.

18. Based upon information and belief, North Tonawanda officials worked in conjunction with Mr. Rizek's insurance carrier by improperly categorizing the cause of the fire as arson, stating to others in the community that "he engaged in arson," "was an arsonist," or comments similar thereto, and indirectly accused him of murder.

19. Due to the aforementioned actions of the defendants, Mr. Rizek had been unable to receive payment from the claim to repair his business and building.

20. Based upon information and belief, the City Courts, Police and Building Departments have treated Mr. Rizek in a discriminatory fashion due to his ethnic background.

21. Mr. Rizek filed a Notice of Claim on December 19, 2011.

## **FIRST CAUSE OF ACTION**

(Discrimination in Violation of Title VI against City)

22. Mr. Rizek hereby repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

23. Mr. Rizek is from Palestine and of Arab ethnicity.

24. The City of North Tonawanda is a recipient of federal funds as a city incorporated under the laws of the State of New York.

25. Based upon pattern and practice, the City of North Tonawanda engaged, and continues to engage, in ethnic discrimination.

26. The City of North Tonawanda unlawfully discriminated against Mr. Rizek based upon his ethnic background in violation of Title VI of the Civil Rights Act of 1964.

27. As a direct result of defendant's unlawful ethnic discrimination, Mr. Rizek has suffered monetary and/or economic harm.

28. The City's discriminatory actions in violation of Title VI were willful and intentional, and indicative of a deliberate indifference to Mr. Rizek's civil rights, for which he is entitled to an award of compensatory damages in an amount to be determined at trial, with attorney's fees and costs.

## SECOND CAUSE OF ACTION

(Tortious Interference with a Contract against all defendants)

29. Mr. Rizek hereby repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

30. Mr. Rizek had a valid contract with Finger Lakes Insurance Company.

31. The defendants had knowledge of this valid contract between Mr. Rizek and Finger Lakes.

32. Based upon information and belief, Mr. Kalota worked in conjunction with Mr. Rizek's insurance carrier by improperly categorizing the cause of the fire as arson when all factors and evidence clearly established that it was an electrical malfunction that caused the fire, thus interfering with the contract without justification.

33. Based upon information and belief, Mr. Kalota threatened to arrest Mr. Rizek's expert witnesses, and unlawfully broke into Mr. Rizek's business to steal electrical evidence.

34. These unlawful actions were motivated by a desire to falsely criminally prosecute Mr. Rizek, and hinder performance of Mr. Rizek's insurance contract.

35. Said actions of defendants have induced Finger Lakes to render performance of the insurance contract impossible.

36. As a direct result of defendants' unlawful actions, Mr. Rizek has sustained monetary and/or economic harm.

## THIRD CAUSE OF ACTION

(Slander against all defendants)

37. Mr. Rizek hereby repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

38. Defendants made oral defamatory statements regarding Mr. Rizek, stating to others in the community that "he engaged in arson," "was an arsonist," or comments similar thereto, and indirectly accused him of murder.

39. Due to these defamatory statements, Mr. Rizek has suffered injuries including damage to his reputation, and other economic/non-economic harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Rizek respectfully prays that this Court enter a judgment in his favor against Defendants City of North Tonawanda, Robert Kalota, Francis J. Conway Investigation, Inc., Vince Pupo, and Flex Investigations Ltd and grant him the following relief:

A. A declaratory judgment that the actions, omissions, conduct, and practices of the defendants as complained herein violated the laws of the United States and the State of New York.

B. An award of compensatory damages in an amount to be determined at trial, in excess of this court's jurisdictional limitations, to compensate Mr. Rizek for all monetary and/or economic harm.

C. An award of compensatory and punitive damages in an amount to be determined at trial to compensate Mr. Rizek for all non-monetary compensatory damages, including compensation for his pain and suffering, humiliation, slander, and other emotional pain and suffering.

D. For such other and further relief that this Court deem just and proper including attorney's fees, costs, and expenses.

## JURY DEMAND

Mr. Rizek demands a jury trial on all issues of fact and damages as claimed in this Complaint.

DATED:   December 7, 2012
         Tonawanda, New York

                                                    /s Kevin T. Stocker
                                                   Kevin T. Stocker, Esq.
                                                   *Attorney for Plaintiff*
                                                   Muwafak Rizek
                                                   2645 Sheridan Dr.
                                                   Tonawanda, NY 14150
                                                   (716) 832-3006
                                                   kstockeresq@yahoo.com